UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

        v.

DION D. CHEATHAM,

        Defendant.

**DECISION AND ORDER**

15-CR-234G

_____

## I. INTRODUCTION

Pending before the Court is a motion (Dkt. No. 13) by defendant Dion Cheatham ("Cheatham") for release on conditions. The Court deemed Cheatham a flight risk after his detention hearing (Dkt. No. 9), but without prejudice. Cheatham now argues several points in favor of release. Cheatham downplays some prior bench warrants as no longer in effect. He attributes any appearance of a "transient" lifestyle to marital problems rather than an intent to flee. Cheatham proposes living with his mother under conditions including home confinement and drug treatment. The Government opposes release, arguing danger in addition to flight. The Government relies primarily on its proffer that Cheatham was a distributor in a large drug trafficking organization with connections in Nebraska and California as well as Western New York. The United States Probation Office (the "USPO") opposes release, citing inconsistencies in the information that it received from Cheatham, multiple

criminal matters that Cheatham faces in multiple jurisdictions, and prior bench warrants and probation violations.

The Court held a bail review hearing on January 20, 2016. For the reasons below, the Court denies Cheatham's motion.

## II. BACKGROUND

This case concerns allegations that Cheatham and others supplied large amounts of fentanyl and heroin to the Western New York area. The Government described in a pre-indictment complaint (Dkt. No. 1) how confidential informants arranged two controlled controlled buys from Cheatham, on February 20 and March 5, 2015. The complaint also contained information about connections that Cheatham allegedly had with Trent Hamilton, a person indicted on federal drug charges in December 2014. The Government has provided other information that Trent Hamilton and others, in turn, were part of an enormous drug bust in March 2015 involving 40 kilograms of cocaine, 8 kilograms of fentanyl, and 17 kilograms of heroin. The two controlled buys led to two corresponding counts in an indictment that the Government filed on December 22, 2015. (Dkt. No. 10.) The Court arraigned Cheatham the same day.

Cheatham filed the pending motion for release on January 2, 2016. In support of release, Cheatham emphasizes the presumption of innocence and how the indictment in itself is not a controlling factor. Addressing the appearance of bench warrants in his criminal history, Cheatham notes that the jurisdictions

2

that issued them did not lodge detainers, making the warrants no longer effective.  Cheatham acknowledges that he has lived at multiple addresses in recent years but attributes any perceived transience to marital difficulties.  Cheatham proposes living at his mother's residence with a posting of cash, bond, or property, along with conditions that include drug treatment, passport surrender, home confinement, and continued employment.

The Government opposes Cheatham's motion.  The Government proffers that Cheatham nearly killed one of his buyers when the buyer—apparently unknowingly—purchased heroin laced with fentanyl.  The Government asserts that Cheatham has sold drugs near the Lockport Public Library, the Lockport Family YMCA, and residential neighborhoods.  The Government notes that co-conspirators in the drug trafficking organization were found in March 2015 to have stashed 40 kilograms of cocaine, 17 kilograms of heroin, and 8 kilograms of fentanyl locally.

The Government also defers to the USPO's concerns.  The USPO notes that Cheatham has pending criminal cases in Lockport City Court and New York State Supreme Court.  Cheatham also has a pending federal investigation into suspicious withdrawals that he made from his employer's bank account.  According to the USPO, Cheatham has three prior warrants in his record for failure to appear along with a probation violation warrant, all out of Cook County, Illinois.  Cheatham also violated a court-ordered six-month supervision

established in Cook County. Cheatham currently has an order of protection issued against him concerning his wife; the protection order does not expire until November 4, 2016. Finally, the USPO is concerned that Cheatham stated during his bail interview that he lived with his wife. If that information had been true then Cheatham would have violated the order of protection lodged against him. With the information being false, Cheatham has cast doubt on his ability to be forthright about his whereabouts if released.

### III. DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing non-appearance or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to non-appearance, "the government carries a dual burden in seeking pre-trial detention.  First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight.  Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court."  *Sabhnani*, 493 F.3d at 75 (citations omitted).  "To order detention [based on danger], the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence.  The rules of evidence do not apply in a detention hearing.  Further, the government may proceed by proffer."  *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).  So long as courts take some measure to assess the reliability and accuracy of prosecutors' information, "a detention hearing is not to serve as a mini-trial . . . or as a discovery tool for the defendant."  *U.S. v. Martir*, 782 F.2d 1141, 1145 (2d Cir. 1986) (citation omitted); *see also U.S. v. LaFontaine*, 210 F.3d 125, 130–31 (2d Cir. 2000) ("It is well established in this circuit that proffers are permissible both in the bail determination and bail revocation contexts.") (citations omitted).

Here, as the Court cautioned him at the bail review hearing, Cheatham simply has created too much of a history to ignore.  The multiple pending criminal matters or investigations support the Court's prior determination of a flight risk.

5

The prior bench warrants, probation violation, and supervision violation all suggest that Cheatham has a tendency to decide for himself whether and when conditions of release apply to him.  *Cf. U.S. v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17, 2003) ("Every sentence of probation or parole requires a defendant to meet judicially imposed conditions, and violations of either are further evidence of a defendant's inability to comply with judicial mandates and supervision.  Evidence of new criminal behavior while other charges are pending inevitably leads to the conclusion that a defendant places his own self-interests above that of the community.  In turn, the community has a right to expect courts to protect it."); *see also U.S. v. Griffin*, No. CR09-3018, 2009 WL 1220262, at *3 (N.D. Iowa May 4, 2009) ("While Defendant has long ties to the northeast Iowa area, he is currently unemployed.  Defendant has an extensive prior criminal record, both as a juvenile and as an adult.  Importantly, Defendant has consistently shown that he is unable or unwilling to comply with conditions of release."); *U.S.  v. Roman-Monroy*, 608 F. Supp. 2d 86, 88 (D.D.C. 2009) (ordering detention in part because of a bail jumping conviction); *accord U.S. v. Purdue*, No. 14-MJ-2066, 2014 WL 3846067, at *3  (W.D.N.Y. Aug. 4, 2014) (Scott, *M.J.*). Finally, the Court is willing to acknowledge that Cheatham may have had some reluctance to discuss the full details of his marital problems in open court.  Nonetheless, the inconsistencies in Cheatham's information make him unreliable.  *Cf. U.S. v. Dellacroce*, 613 F. Supp. 312, 314 (E.D.N.Y. 1985)

(granting pretrial detention where, *inter alia*, "[e]ven at his first appearance before Magistrate Kyle defendant continued to give evasive and untruthful answers as to a variety of matters, including the place where he lived both in New York and Florida."). Under all of these circumstances, the Court finds again by preponderance of the evidence that Cheatham poses a risk of flight regardless of conditions of release.

## IV. CONCLUSION

For all of the foregoing reasons, the Court denies Cheatham's motion for release. (Dkt. No. 13.)

Cheatham will remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, and pursuant to 18 U.S.C. § 3142(i)(3), the Attorney General must afford Cheatham reasonable opportunity for private consultation with counsel. *See also U.S. v. Rodriguez* ("Rodriguez I"), No. 12-CR-83S, 2014 WL 4094561 (W.D.N.Y. Aug. 18, 2014) (Scott, *M.J.*). Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Cheatham is confined must deliver him to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case. *See also U.S. v. Rodriguez* ("Rodriguez II"), No. 12-CR-83S, 2015 WL 1120157, at *7 (W.D.N.Y.

Mar. 12, 2015) (Scott, *M.J.*) (interpreting 18 U.S.C. § 3142(i)(4) to allow transports to prepare for an oral argument or hearing).

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order will be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

　　　　　　　　　　　　　　　　　　__/s Hugh B. Scott_____
　　　　　　　　　　　　　　　　　　HONORABLE HUGH B. SCOTT
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

DATED: January 28, 2016