UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

United States of America

v.

Dion D. Cheatham,

                Defendant.

_____

**Decision and Order**
15-CR-234G

On December 14, 2015, the Court held a detention hearing (Dkt. No. 9) and found defendant Dion Cheatham ("Cheatham") a flight risk. On January 28, 2016, the Court issued a decision (Dkt. No. 18) that affirmed its prior finding and elaborated on Cheatham's criminal history and questionable credibility. The January 28, 2016 decision also contained background information about this case that the Court incorporates by reference here, for the sake of brevity. On June 22, 2016, Cheatham filed a motion for reconsideration of detention. (Dkt. No. 30.) In his papers, Cheatham argues that the Government has made too speculative of a connection between him and certain others who allegedly were engaged in a very large-scale narcotics operation. Cheatham asserts in his papers that certain criminal charges pending against him in Niagara County Court "will be dismissed" because his estranged wife supposedly fabricated the allegations against him. During bail review proceedings on July 20 and August 4, 2016, Cheatham added that some of the bench warrants appearing in his pretrial services report resulted from administrative errors by local clerk's offices in Illinois. The Government responds that Cheatham is downplaying the size of the narcotics operation that he assisted as well as his prior probation and supervision violations.

Once the Court has issued a detention order, as it has once before regarding this defendant, it may reconsider that order and reopen the detention hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). "New and material information for Section 3142(f)(2)(B) purposes consists of something other than a defendant's own evaluation of his character or the strength of the case against him: truly changed circumstances, something unexpected, or a significant event." *U.S. v. Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009) (citation omitted). Where evidence was available to defendant at the time of the hearing, the hearing will not be reopened. *See U.S. v. Dillon*, 938 F.2d 1412, 1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, Cheatham has not done enough to demonstrate a change of circumstances that would warrant reconsideration. The charges against Cheatham and the available evidence against him have not changed. The Court is allowed to consider the uncharged but proffered connection that Cheatham may have to the larger narcotics operation that he allegedly assisted. *See, e.g., U.S. v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991) (rejecting a requirement that conduct considered during bail proceedings be charged in the indictment); *U.S. v. Bruno*, 89 F. Supp. 3d 425, 430 (E.D.N.Y. 2015) (citing *Rodriguez*). Cheatham's assertion that his Niagara County Court charges "will be dismissed" might prove true, but the dismissals have not happened yet and would be a relatively small factor in his bail assessment. As for the issue of clerical errors spawning bench

warrants in Illinois, the issue was known or could have been known during prior bail proceedings and probably would need to be addressed by expungement in the appropriate local court.  The substance abuse assessment provided by Northpointe Council, Inc.—it offered no opinion about detention but suggested that Cheatham would benefit from outpatient substance abuse treatment—might become useful at a future time but does not offset the other factors in favor of detention.  In all, nothing material has changed in Cheatham's case that would prompt a revision of the Court's prior order of detention.

For the foregoing reasons, the Court denies Cheatham's motion for reconsideration (Dkt. No. 30.).


SO ORDERED.

                                            __/s Hugh B. Scott_____
                                            HONORABLE HUGH B. SCOTT
                                            UNITED STATES MAGISTRATE JUDGE

DATED: August 9, 2016